[Crim. No. 14900. First Dist., Div. One. Feb. 11, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK LEE BENEFIELD, Defendant and Appellant.

52

## COUNSEL

John M. Hanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ELKINGTON, J.**—Mark Lee Benefield, a minor, was charged by Welfare and Institutions Code section 602 petitions in the juvenile court with the commission of acts which, if committed by an adult, would have amounted to murder (Pen. Code, § 187), kidnaping with intent to commit robbery (Pen. Code, § 209), robbery (Pen. Code, § 211) and unlawful possession of an automobile (Veh. Code, § 10851).

The juvenile court conducted a hearing according to Welfare and Institutions Code section 707, following which it concluded that Benefield was not a fit and proper subject to be dealt with under the Juvenile Court Law. He was accordingly remanded to the superior court for trial on similar charges as an adult. Thereafter his petition for mandate, seeking review of the juvenile court's finding and order, was denied without opinion by Division Three of this court.

Welfare and Institutions Code section 707 as in effect at the pertinent times, provided in part that: "[W]hen substantial evidence has been adduced to support a finding that . . . the minor would not be amenable to the care, treatment and training program available through the facilities of the juvenile court . . . the court may make a finding . . . that

the minor is not a fit and proper subject to be dealt with under this chapter, and the court shall direct the district attorney or other appropriate prosecuting officer to prosecute the person under the applicable criminal statute . . . ."

Substantial evidence at the juvenile court hearing disclosed the following. Benefield had an extensive juvenile court record consisting, among other things, of many burglaries, robbery, automobile theft and juvenile probation violations. He had been in at least two Youth Authority facilities. While awaiting juvenile court disposition on an act of robbery he, at age 17, became involved in the circumstances leading to his superior court guilty pleas. On the latter occasion Benefield, with other juveniles, abducted a 65-year-old man in his own automobile. The boys then drove the car to a remote place where they robbed and "beat" and "kicked" and "hassled" their victim. They then brought about the old man's death which appears to have been accomplished when Benefield twice drove the car over his prostrate body. The juveniles then drove away with the murdered man's automobile and other property.

In the superior court Benefield pleaded guilty to murder, second degree, and robbery, first degree, in the course of which, with intent to inflict such injury, he inflicted great bodily injury on the victim. He was thereafter sentenced to state prison on his robbery conviction. The sentence on the murder conviction was "stayed pending completion of sentence [on the robbery charge], at which time sentence shall become permanently stayed."

Benefield makes three contentions on his appeal from the judgment.

I. The first is confined to the claimed illegality of, and lack of evidentiary support for, the juvenile court's section 707 findings and order of remand to the superior court.

A question arises as to the appealability of such a section 707 order of remand. Recently the state's high court in *People* v. *Chi Ko Wong,* 18 Cal.3d 698, 709-714 [135 Cal.Rptr. 392, 557 P.2d 976], held that such an order is not reviewable on appeal but instead may "be challenged only by extraordinary writ in collateral proceedings commenced prior to the commencement of the trial on those charges for which the defendant is certified as unfit for treatment within juvenile court facilities." *People* v. *Chi Ko Wong,* however, stated (18 Cal.3d, p. 716) that "the rule announced herein will be applied only prospectively to criminal prosecu-

tions commenced [unlike Benefield's] after the finality of our opinion ...."
But as earlier indicated, Benefield did make an unsuccessful collateral
attack, by way of petition for an extraordinary writ, from the section 707
order of remand.

We have nevertheless considered the instant contention on its merits.
Having done so, we conclude that the juvenile court's order of remand
was supported by substantial evidence that "the minor would not be
amenable to the care, treatment and training program available" in
juvenile court facilities, and that it was otherwise in accordance with the
standards elucidated by *People* v. *Chi Ko Wong* (18 Cal.3d, pp. 716-725).
There was neither error nor abuse of discretion.

II. ■ Another contention of Benefield is that: "The judgment should
be reversed because the record on appeal does not contain the school
records of the appellant." This point is now moot. On our own motion
we ordered the record on appeal augmented by inclusion of the school
records. They have been lodged with the clerk of this court and we have
considered them in our determination of the appeal.

III. Benefield's third point concerns Welfare and Institutions Code
section 707.2, enacted 1975 and effective January 1, 1976, and its
amendment enacted 1976 and effective January 1, 1977.

Benefield was sentenced by the superior court *October 6, 1975,* to state
prison. No contention is made that his sentence was not then permitted
by law.

But Welfare and Institutions Code section 707.2 was enacted to
become effective *January 1, 1976.* The new statute provided, as relevant,
that a minor under the age of 18 years when he committed his offense
might not be directly sentenced by the superior court to state prison.[1]
However, in 1976, section 707.2 was amended, to become operative, as

---

[1]Welfare and Institutions Code section 707.2 as effective January 1, 1976, provided:
"Except as provided in sections 1731.5 and 1737.1, no minor who was under the age of 18
years when he committed any criminal offense, and who has been found not a fit and
proper subject to be dealt with under the juvenile court law pursuant to section 707, shall
be sentenced to the state prison, except upon petition filed pursuant to Article 5
(commencing with section 1780) of Division 2.5. Of those persons eligible for
commitment to the Youth Authority, prior to sentence the court may remand such
persons to the custody of the California Youth Authority not to exceed 90 days for the
purpose of evaluation and report. [¶] With the exception of past or present wards of the
authority, no person shall be returned to the court by the authority unless he has been
remanded to the Youth Authority for diagnosis and report, and personally evaluated."

amended, *January 1, 1977.* It now provides that: "Prior to sentence, the court of criminal jurisdiction may remand the minor to the custody of the California Youth Authority for not to exceed 90 days for the purpose of evaluation and report concerning his amenability to training and treatment offered by the Youth Authority. No minor who was under the age of 18 years when he committed any criminal offense and who has been found not a fit and proper subject to be dealt with under the juvenile court law shall be sentenced to the state prison unless he has first been remanded to the custody of the California Youth Authority for evaluation and report pursuant to this section and the court finds after having read and considered the report submitted by the Youth Authority that the minor is not a suitable subject for commitment to the Youth Authority."

The parties agree, as do we, that section 707.2 as originally enacted, or as amended, would operate to benefit, and in effect impose a lighter punishment upon, Benefield. And it appears that the more beneficial and lighter of the two would be the section as originally enacted and effective January 1, 1976.

Because of the pendency of the instant appeal, Benefield's judgment of conviction has not yet become final. ▆▆ Relying upon *In re Estrada,* 63 Cal.2d 740 [48 Cal.Rptr. 172, 408 P.2d 948], he contends that if the judgment shall otherwise be affirmed by this court, his sentence to state prison must be set aside, and he must be committed to the Youth Authority according to section 707.2 as originally enacted, and effective *January 1, 1976.* He argues that the amended section may not be applied, for to do so would violate the state and federal constitutional proscription of ex post facto laws.

▆▆ The Attorney General, on the other hand, insists that the amended section 707.2, effective January 1, 1977, is applicable. ▆▆ And the Attorney General further urges that Benefield's state prison sentence should not be set aside, for the reason that between his conviction and sentencing he spent over four months in Youth Authority's custody, during which time he was evaluated and following which the authority reported thereon to the superior court.

▆▆ *In re Estrada, supra,* 63 Cal.2d 740, 748, states: "[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." This retroactivity was held applicable to

criminal judgments, such as those pending on appeal, which were not final at the time the new law became effective. (See also *People* v. *Rossi,* 18 Cal.3d 295 [134 Cal.Rptr. 64, 555 P.2d 1313]; *Sekt* v. *Justice's Court,* 26 Cal.2d 297, 304 [cert. den., 326 U.S. 756 (90 L.Ed. 454, 66 S.Ct. 96)]; *Spears* v. *County of Modoc,* 101 Cal. 303 [35 P. 869].)

Under this authority, Welfare and Institutions Code section 707.2, as effective January 1, 1976, *or* as effective January 1, 1977, is applicable to the case at bench.

█ We first consider Benefield's argument that application of section 707.2, *as now in effect,* would constitute the imposition upon him of ex post facto punishment. It is patently without validity, for an ex post facto law is " 'one which, in its operation, makes that criminal or penal which was not so at the time the action was performed; or which increases the punishment; or, in short, which, in relation to the offense or its consequences, alters the situation of a party to his disadvantage.' " (*Thompson* v. *Missouri,* 171 U.S. 380, 383 [43 L.Ed. 204, 206, 18 S.Ct. 922, 923]; *People* v. *Perez,* 24 Cal.App.3d 340, 345 [100 Cal.Rptr. 834]; and see *Keeler* v. *Superior Court,* 2 Cal.3d 619, 634 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].) The statutory punishment for Benefield's crimes, under *either* version of section 707.2, was not *increased* after their commission.

█ It is observed that one convicted of a crime and sentenced therefor has no constitutional or other *right* to the benefit of a punishment-mitigating statute enacted after his sentence but before his judgment of conviction becomes final. Such a benefit will be conferred, or withheld, according to the legislative intent. *In re Estrada, supra,* says: "The problem, of course, is one of trying to ascertain the legislative intent—did the Legislature intend the old or new statute to apply? Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional." (63 Cal.2d, p. 744.)

█ *In re Estrada* further held it to be "an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (63 Cal.2d, p. 745.) Such an inference will also reasonably apply to the latter of two successive statutes ameliorating the penalty of the crime of which the accused was convicted. And *In re Estrada* concluded that the Legislature "must have

intended that the amendatory statute should operate in all cases not reduced to final judgment at the time of its passage." (63 Cal.2d, p. 746.) The rationale of *In re Estrada* is reasonably applicable to the instant contention of Benefield's appeal. We find it to be the legislative intent that the punishment-mitigating provisions of section 707.2, as amended and now in effect, shall "operate in all cases not reduced to final judgment at the time of its passage."

A contrary inference, in our opinion, would be patently unsound. It would assume that the Legislature (in the absence of any constitutional compulsion) intended that its section 707.2, enacted after Benefield's sentencing but thereafter found contrary to the public interest and amended accordingly, should nevertheless apply in his case.

 We consider now the Attorney General's suggestion that the superior court, prior to Benefield's sentencing, had the benefit of the "evaluation and report concerning his amenability to training and treatment offered by the Youth Authority," as required by section 707.2 *as amended.* We are unpersuaded thereby; the record does not disclose such an evaluation and report.

The judgment of conviction is affirmed. However, the sentence to state prison will be set aside and the superior court will take further proceedings not inconsistent with our opinion.

Molinari, P. J., and Weinberger, J.,* concurred.

A petition for a rehearing was denied March 7, 1977, and appellant's petition for a hearing by the Supreme Court was denied April 28, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.