[Civ. No. 17258. Third Dist. June 21, 1978.]

In re JOHN W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOHN W., Defendant and Appellant.

COUNSEL

Deidra E. Griffiths, under appointment by the Court of Appeal, and Griffiths & Griffiths for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**PUGLIA, P. J.**—The minor appeals from a judgment (commitment to the California Youth Authority) entered by the juvenile court after the sustaining of a petition alleging that the minor committed an assault with intent to commit sodomy. (Pen. Code, § 220.)

█ The minor contends that the court erred in omitting to specify a three-year maximum period of confinement in the commitment order.

The offense was committed June 14, 1977. The Youth Authority commitment order of September 14, 1977, did not specify the maximum period for which the minor could be confined, a period not to exceed "the maximum term of imprisonment which could be imposed upon an adult convicted of the [same] offense." (Welf. & Inst. Code, § 726.) At the time, Welfare and Institutions Code section 726 did not define the phrase "maximum term of imprisonment."

An adult convicted of a felony committed before July 1, 1977, is subject to the maximum term prescribed for the particular offense by the indeterminate sentence law, subject further, however, to possible adjustment of the term to achieve comparability with commitments for like offenses under the determinate sentence law (Pen. Code, § 1170.2). The term of imprisonment for assault with intent to commit sodomy is one to twenty years under the indeterminate sentence law and two, three or four years under the determinate sentence law. (Pen. Code, § 220; Stats. 1975, ch. 71, § 4; Stats. 1976, ch. 1139, § 144.) The minor argues that absent evidence of aggravating or mitigating circumstances (see Pen. Code, § 1170, subd. (b)), the middle term of three years constitutes the "maximum term of imprisonment" imposed by Welfare and Institutions Code

section 726 as a limitation on the period for which he can be confined in the Youth Authority.

We disagree. An adult felon whose term is adjusted pursuant to Penal Code section 1170.2 is one upon whom the highest of the terms specified by the determinate sentence law for a particular offense "could be imposed" within the meaning of the limitation on juvenile confinement expressed in Welfare and Institutions Code section 726.

We recognize that at the time of the minor's commitment, California Rules of Court, rule 1373(b) provided that "In the case of a felony offense, the maximum term of physical confinement shall be determined by procedures applicable to the sentencing of an adult to imprisonment." To the extent that the rule imports into juvenile proceedings the procedures contained in Penal Code section 1170, subd. (b), it is in conflict with Welfare and Institutions Code section 726 as we have heretofore interpreted it. (*McBride* v. *Alpha Realty Corp.* (1975) 49 Cal.App.3d 925, 929 [123 Cal.Rptr. 270]; Cal. Rules of Court, rule 1301(b).)

We note that paragraph (b) of rule 1373 has since been amended effective January 1, 1978, to provide simply that "the disposition order shall specify the maximum period of confinement determined in accordance with [Welf. & Inst. Code] section 726." And section 726 itself has been amended effective October 1, 1977, to define the phrase "maximum term of imprisonment" as "the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of Section 1170 of the Penal Code . . . ." We construe the amendment to Welfare and Institutions Code section 726 as interpretive of the preexisting language of the section thus constituting matter which we may properly consider in determining the meaning and effect of the section as it read prior to October 1, 1977. (*Bd. of Soc. Welfare* v. *County of L. A.* (1945) 27 Cal.2d 90, 96-97 [162 P.2d 635].)

Accordingly, the order of commitment should specify that the maximum term for which the minor may be confined is four years, the highest term prescribed under the determinate sentence law for violation of Penal Code section 220.

■ The minor contends finally that the evidence is insufficient to support the jurisdictional finding of the juvenile court.

On two successive nights the minor, who shared a room in juvenile hall with the victim and four other youths, sexually threatened the victim, conducting himself in such a manner as to demonstrate unambiguously his desire to commit sodomy upon the victim by force if necessary. When the victim refused to be bullied, the minor attacked him and struck him in the face, causing his nose to bleed. The testimony of the victim supports this version of the facts and in turn is substantially corroborated in its essential particulars by the testimony of two other occupants of the room. None of this testimony can be said to be inherently incredible. The minor's challenge to the credibility of these witnesses therefore raises a false issue which has been conclusively resolved against him by the trier of fact.

The only reasonable conclusion to be drawn from the record is that both the fact of the assault and the accompanying felonious intent are supported by substantial evidence.

The commitment order shall be modified to recite that the minor may not be held in physical confinement for a period in excess of four years. The trial court is directed to prepare a corrected commitment order modified as herein directed and to furnish a certified copy thereof forthwith to the Director of the California Youth Authority. As modified, the judgment is affirmed.

Paras, J., and Evans, J., concurred.

A petition for a rehearing was denied July 18, 1978, and appellant's petition for a hearing by the Supreme Court was denied August 16, 1978.