[Civ. No. 3784. Fifth Dist. Mar. 31, 1980.]

In re DENNIS C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DENNIS C., Defendant and Appellant.

COUNSEL

Russell Potter, under appointment by the Court of Appeal, and J. Frank McCabe for Defendant and Appellant.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler and Robert H. Philibosian, Chief Assistant Attorneys General, Arnold O. Overoye, Assistant Attorney General, Shirley A. Nelson and Joel Carey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FRANSON, J.—

### STATEMENT OF THE CASE

Appellant was found to be a person within Welfare and Institutions Code section 602 in that he committed forgery (Pen. Code, § 470, a fel-

ony), battery against a peace officer (Pen. Code, § 243, a felony), and resisting an officer in the discharge of his duty (Pen. Code, § 148, a misdemeanor). The former offense was committed on September 8, 1977, and the latter two on October 13, 1977. The juvenile court on November 15, 1977, ordered appellant committed to the Youth Authority for one year for obstructing the officer, three years for the forgery, and three years for the battery, all commitments to be served consecutively.

Although appellant's equal protection and double punishment arguments must fail, he does make two meritorious contentions: (1) that the application of paragraph 3 of Welfare and Institutions Code section 726 to his forgery violation, which was committed before October 1, 1977 (the effective date of that legislation), works an ex post facto effect in violation of the federal and state Constitutions; and (2) that the juvenile court erred by not declaring whether appellant's battery and forgery offenses were felonies or misdemeanors. The court also erred in aggregating the period of appellant's physical confinement contrary to the provisions of Penal Code section 1170.1, subdivision (a) made applicable to juvenile proceedings by paragraph 4 of Welfare and Institutions Code section 726. Accordingly, we order remand for a new dispositional hearing.

THE EVIDENCE

On September 8, 1977, appellant took three blank checks from the home of an uncle, Jack Brady; he made one of the checks out to himself for $100, forged his uncle's name, and cashed the check at a liquor store.

On September 28, appellant was taken into custody by the Kern County Sheriff's office for disorderly conduct. The next day he was charged with forgery and detained in custody pending a prima facie hearing on October 4. On that day, he was released from custody on home supervision.

On October 12, appellant left his mother's home in violation of the court's order placing him on home supervision. He was located the next day by Deputy Probation Officer Burrow and Group Supervisor Tom Ferguson at the home of his sister, Debra Robertson. Robertson admitted the officers into her home and led them to a second story

bedroom. When the officers entered the room, appellant was on a bed and appeared to be asleep. Officer Burrow called to awaken him. Receiving no response, he approached and shook appellant's shoulder. Appellant opened his eyes and looked at him but remained lying down. After 15 or 20 seconds had passed, Officer Burrow shook appellant again and told him to "get up." Appellant jumped from the bed and struck Officer Burrow three or four times. Both officers pushed appellant back onto the bed and subdued him. Officer Burrow produced handcuffs but decided not to use them after appellant said, "I'll go with you you don't have to handcuff me." The officers took appellant downstairs to get his shoes. Appellant sat down on a couch and put them on. As he did so, he began to be verbally abusive. He then complained that he needed his wallet. Consequently, the two officers escorted him back upstairs to get it. Once upstairs, appellant walked out onto a second story patio and jumped to the street below and ran away. Officer Ferguson pursued appellant and caught him. Officer Burrow then drove to the point where Officer Ferguson was holding him. As the officers were putting appellant in the car, he broke loose and escaped again. This time both officers pursued appellant. They again caught him and subdued him although Officer Burrow was struck by appellant two or three more times in the process.

Appellant admitted having resisted arrest but testified that he had no recollection of hitting Officer Burrow upon awakening. He stated that when he first came to his senses he was out of bed and the officers were six feet away from him, standing by the door. He further denied having struck Officer Burrow during the chase, claiming he was by then much too tired to have put up further resistance. Appellant also denied forging and cashing the check.

### EQUAL PROTECTION

Appellant's equal protection argument concerning the mandatory maximum term provisions applicable to juveniles under Welfare and Institutions Code section 726 has been answered in *In re Eric J.* (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549].

### EX POST FACTO

Appellant's ex post facto argument concerning his forgery violation is sound. ■ "'An ex post facto law is one which, in its operation, makes that criminal or penal which was not so at the time the action

was performed; *or which increases the punishment*; or, in short, which, in relation to the offense or its consequences, alters the situation of a party to his disadvantage.'" (Italics added. *Thompson* v. *Missouri* (1898) 171 U.S. 380, 383 [43 L.Ed. 204, 206, 18 S.Ct. 922]; *People* v. *Benefield* (1977) 67 Cal.App.3d 51, 58 [136 Cal.Rptr. 465]; 5 Witkin, Summary of Cal. Law (8th ed. 1974) Constitutional Law, § 258, p. 3548.)

■ Paragraph 3 of Welfare and Institutions Code section 726 became effective on October 1, 1977. Dennis' actions which gave rise to the forgery petition occurred on September 8, 1977. It is thus apparent that application of the amendment to appellant would violate the ex post facto prohibition because it would inflict greater punishment than would have been inflicted under the statute at the time the crime was committed. The amendment increases appellant's punishment from two to three years confinement without the benefit of a hearing regarding aggravation to which he would have been entitled under section 726 before it was amended.[1]

We decline to follow the reasoning of *In re John W.* (1978) 81 Cal.App.3d 994, 997 [146 Cal.Rptr. 826] (citing *Bd. of Soc. Welfare* v. *County of L.A.* (1945) 27 Cal.2d 90, 96-97 [162 P.2d 635]) which holds that the definition of the phrase "maximum term of imprisonment" contained in the October 1, 1977, amendment to section 726 was merely "interpretive" of the preexisting language of the statute. Such reasoning ignores the realities of the amendment. As we have explained, before the amendment, appellant could have been confined for a maximum of two years on the forgery absent a hearing and finding of

---

[1]Prior to October 1, 1977, section 726 provided that an order of wardship made pursuant to section 602 "shall specify that the minor may not be held in physical confinement for a period in excess of *the maximum term of imprisonment which could be imposed upon an adult* convicted of the offense which brought the minor under the jurisdiction of the juvenile court." (Stats. 1976, ch. 1071, § 29.) California Rules of Court, rule 1373(b) which was in effect prior to October 1, 1977, also provided: "In the case of a felony offense, the maximum term of physical confinement shall be determined by procedures applicable to the sentencing of an adult to imprisonment."

The October 1, 1977, amendment to Welfare and Institutions Code section 726 defined "maximum term of imprisonment" as follows: "The longest of the three time periods set forth in paragraph (2) of subdivision (a) of section 1170 of the Penal Code, but without the need to follow the provisions of subdivision (b) of section 1170 of the Penal Code..." Section 726 was also amended to provide that if the court elects to aggregate the period of physical confinement on multiple counts, or multiple petitions, including previously sustained petitions adjudging the minor a ward under section 602, the "maximum term of imprisonment" shall be specified in accordance with subdivision (a) of section 1170.1 of the Penal Code.

aggravating circumstances. After the amendment, appellant became subject to a mandatory three-year sentence without a hearing on aggravation. The prejudice to appellant cannot be swept under the rug by such an interpretative process.

*In re John W.'s* reliance on *Bd. of Soc. Welfare* v. *County of L.A., supra,* 27 Cal.2d 90 also is misplaced. That case did not involve the interpretation of a criminal statute but rather a civil proceeding in mandamus to compel the county to return to recipients of old age benefits various sums of money which the county had reclaimed. The Supreme Court was faced with the construction of what it described as "somewhat ambiguous and uncertain language" of a prior section of the Welfare and Institutions Code (*id.,* at p. 96). It was in the light of this ambiguity that the court declared the new statute should not be regarded as an amendment or enlargement of the prior rights but as interpretive of those rights.

In the present case, the amendment purporting to define the phrase "maximum term of imprisonment" does not clarify an ambiguity in the former statute; it alters the precise maximum punishment provided under the former statute to appellant's detriment. Thus, absent a finding of aggravating circumstances, the court could not commit appellant beyond the two-year middle term on the forgery.

## DOUBLE PUNISHMENT

Appellant's double punishment argument must fail. Appellant correctly states that Penal Code section 654 is applicable to juvenile court proceedings (see Welf. & Inst. Code, § 726, par. 4; Pen. Code, § 1170.1, subd. (a)). Paragraph 4 of Welfare and Institutions Code section 726 took effect on October 1, 1977, overriding the prior rule that Penal Code section 654 was inapplicable to juveniles. ▮ However, appellant's argument concerning double punishment pertains to his commitment for both the battery on and obstructing of an officer. These offenses which occurred on October 13, 1977, involved two different victims; the battery was against Officer Burrow and the obstruction was of Officer Ferguson as well as Officer Burrow. Section 654 is inapplicable to crimes perpetrated against different victims (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839]; *People* v. *Milan* (1973) 9 Cal.3d 185, 197 [107 Cal.Rptr. 68, 507 P.2d 956]).

## DISPOSITIONAL ERROR

Appellant's next contention is that the juvenile court erred by not declaring whether appellant's battery and forgery offenses were felonies or misdemeanors. We agree.

Paragraph 2 of Welfare and Institutions Code section 702 provides: "If the minor is found to have committed an offense which would in the case of an adult be punished alternatively as a felony or a misdemeanor, the court *shall* declare the offense to be a misdemeanor or felony." (Italics added; see also Cal. Rules of Court, rules 1355(f)(5) and 1373(a).) The word "shall" as used in this section is mandatory. (Welf. & Inst. Code, § 15; Cal. Rules of Court, rule 1302(b)(1).)

Both the battery and forgery convictions are punishable either as felonies or misdemeanors (Pen. Code, §§ 243, 473).

The Attorney General responds by citing the notation at page four of the clerk's transcript that the juvenile court found the battery to be a felony. The People also argue that the failure to find that the forgery was a felony was cured by the court's imposition of the maximum period of confinement for a felony for that offense—three years. Although the minute order does reflect that the juvenile court found the battery to be a felony, the transcript of the hearing does not support this notation. The court did not state at any of the hearings that it found the battery to be a felony. Although the court's comments would seem to indicate that it was considering imposing an additional sentence for the battery over and above the maximum one year imposed for the resisting arrest, it did not explicitly find the battery to be a felony.

The contention that the court indirectly complied with the mandatory provisions of section 702 and the rules of court by committing appellant for the maximum term that can be imposed on the battery and forgery violations is not persuasive. As appellant has argued, it is entirely possible that the judge simply sentenced Dennis C. as a felon without considering the possibility of sentencing him as a misdemeanant. Because of this possible oversight, we have no alternative but to remand the matter to the juvenile court for clarification.

Finally, as the Attorney General has conceded, the juvenile court also erred in aggregating the period of appellant's physical confinement by simply totalling the maximum terms for the three criminal viola-

tions. Penal Code section 1170.1, subdivision (a), made applicable to juvenile proceedings by paragraph 4 of Welfare and Institutions Code section 726, provides that when a consecutive term of imprisonment is imposed, the aggregate term shall be the sum of the principal term and the subordinate terms imposed. The "principal term" shall consist of the *greatest term* imposed by the court for any of the crimes and the "subordinate term" for each consecutive offense shall consist of one-third of the middle term prescribed for such felony conviction for which a consecutive term is imposed. Our Supreme Court has recently ruled that the provisions of Penal Code section 1170.1, subdivision (a), applied in juvenile court proceedings to both felony and misdemeanor violations. (*In re Eric J., supra*, 25 Cal.3d 522.)

Accordingly, assuming the juvenile court on remand fixes the forgery and battery violations as felonies, appellant's maximum term should be calculated as follows: violation of Penal Code section 243, battery on a police officer—three years; violation of Penal Code section 470, forgery, a felony—eight months (one-third of the two-year middle term); and violation of Penal Code section 148, resisting a peace officer, a misdemeanor—four months (one-third of the one year ordered) for a total of four years.

The dispositional order is reversed and the matter is remanded to the juvenile court for a new dispositional hearing in light of this opinion.

Brown (G. A.), P. J., and Andreen, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 28, 1980.

---

*Assigned by the Chairperson of the Judicial Council.