[No. G004021. Fourth Dist., Div. Three. Sept. 25, 1987.]

In re JACOB M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JACOB M., Defendant and Appellant.

**COUNSEL**

Richard C. Camino, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Frederick R. Millar and Sara Gros-Cloren, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SONENSHINE, J.**—Jacob M., a juvenile, was continued a ward of the court under Welfare and Institutions Code section 602 and committed to the California Youth Authority, after the judge found three counts of an amended petition to be true beyond a reasonable doubt. On one count, burglary (Pen. Code, § 459), the judge failed to make specific findings as to the degree of the burglary and its designation as felony or misdemeanor. We hold the judgment must be modified to indicate second degree burglary and remand for further proceedings.

An amended petition filed on January 14, 1986, charged the minor with five criminal offenses. Four of the counts (counts I, III, IV and V) concerned various drug-related offenses unrelated to the issues raised on this appeal. Count II alleged the minor "did willfully and unlawfully enter [a certain] inhabited residential structure and building . . . with the intent to commit larceny, in violation of Penal Code Section 459, a felony."

At the conclusion of trial, the judge found count II to be true beyond a reasonable doubt. The judge made no explicit statement, then or later, concerning the degree of the burglary nor whether the burglary was to be deemed a felony or a misdemeanor.

I

■ The minor contends that under Penal Code section 1192 and California Rules of Court, rule 1355(f)(5), the burglary must be deemed to be second degree because the judge failed to specify the degree of the burglary. As second degree burglary is a "wobbler" offense which may be treated as either a felony or a misdemeanor, appellant seeks a remand for determination of how this burglary, if deemed to be second degree, is to be classified. The Attorney General, on the other hand, argues that findings as to the degree and classification of the burglary may be inferred from the record, and that such implicit findings are sufficient.

Penal Code section 1192 provides: "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree." Penal Code section 1157 states a similar rule for jury trials and for court trials where jury trial is waived.[1]

---

[1] The California Supreme Court has described Penal Code sections 1157 and 1192 as "parallel provision[s]." (*People* v. *McDonald* (1984) 37 Cal.3d 351, 380, fn. 27 [208 Cal.Rptr. 236,

California Rules of Court, rule 1355(f)(5) specifically refers to juvenile court proceedings and requires: "If, after hearing the evidence, the court determines that the allegations of the petition are true, it shall make findings as to each of the following, noted in the minutes of the court: . . . (5) if the minor is found to be a person described by [Welfare & Institutions Code] section 602, the degree of the offense and whether the offense would be a misdemeanor or felony had the offense been committed by an adult. These determinations may be deferred until the disposition hearing." Rule 1355(f)(5) does not explicitly state, as do Penal Code sections 1157 and 1192, that if the court fails to make the required finding of degree, the offense will be deemed to be of the lesser degree.

The Attorney General argues Penal Code sections 1157 and 1192 do not apply to juvenile court proceedings, which do not involve either "conviction . . . of a crime" nor "passing [of] sentence." However, the California Supreme Court has twice treated section 1157 as applicable to juvenile court proceedings. In *In re Kenneth H.* (1983) 33 Cal.3d 616 [189 Cal.Rptr. 867, 659 P.2d 1156], the court held the burglary involved must be deemed a second degree burglary. The court based this holding on two "independent" grounds, the second of which was that ". . . the court made no finding as to the degree of burglary as required by Penal Code section 1157, as well as rule 1355(f)(5), rendering it of the second degree by operation of law." (Fn. omitted.) (*Kenneth H., supra,* at p. 619.) Similarly, in *In re Eric J.* (1979) 25 Cal.3d 522, 529 [159 Cal.Rptr. 317, 601 P.2d 549], another juvenile case, the court stated: "Appellant was found to have committed burglary. (Pen. Code, § 459.) Because the court failed to find the degree of the offense, it is deemed to be of the second degree. (Pen. Code, § 1157.)" This holding is of particular force, given the *Eric J.* court's lengthy discussion of the differences between adult criminal proceedings and juvenile proceedings. There is no reasonable possibility that the court, in holding section 1157 applicable, failed to consider the special nature of juvenile court proceedings. Thus, we must conclude Penal Code sections 1157 and 1192 govern the case at bar.

The Attorney General would have us infer a finding of first degree burglary from various facts. First, the judge found to be true the petition's allegations that appellant burglarized an inhabited dwelling.[2] Since the burglary of an inhabited dwelling is defined as first degree burglary (Pen. Code, § 460, subd. 1), the Attorney General urges us to view this factual finding as

---

690 P.2d 709, 46 A.L.R.4th 1011].) The two statutes may be considered equally applicable to this case; in any event, cases applying the one may be considered good precedent as to application of the other.

[2] Specifically, the judge stated: "Okay. I am going to find . . . count 2 to be true beyond a reasonable doubt . . . ."

equivalent to an explicit finding of first degree burglary. Second, the minor was committed for a maximum period of six years, a period consistent with a finding of first degree burglary and inconsistent with a finding of second degree burglary (see Pen. Code, §§ 18, 461).[3]

Case law compels a contrary conclusion. Our Supreme Court has mandated strict compliance with Penal Code sections 1157 and 1192. *People* v. *Beamon* (1973) 8 Cal.3d 625, 629, footnote 2 [105 Cal.Rptr. 681, 504 P.2d 905], and *People* v. *McDonald, supra,* 37 Cal.3d 351, 379-383 establish the principle that factual findings indicating an intent to find first degree do not satisfy Penal Code section 1157. The appellate cases applying these principles are legion. Examples include *People* v. *Doran* (1974) 36 Cal.App.3d 592 [111 Cal.Rptr. 793] (express finding of facts which, as a matter of law, make a robbery one in the first degree insufficient without an express finding of degree); *People* v. *Rivera* (1984) 162 Cal.App.3d 141, 147 [207 Cal.Rptr. 756] (information specifically alleged residential nighttime burglary, jury found defendant guilty as charged in information, but lack of specific degree finding rendered burglary second degree except for sentence enhancement purposes); *People* v. *Thomas* (1978) 84 Cal.App.3d 281, 283-285 [148 Cal.Rptr. 532] (findings of use of firearm in robbery could not substitute for express finding of degree; concurring opinion notes that trial court "unmistakably intended" to find first degree burglary, but that burglary must be deemed second degree); *People* v. *Baeske* (1976) 58 Cal.App.3d 775, 778, footnote 1 [130 Cal.Rptr. 35] ("use" allegation found to be true, but failure to make express degree finding means crime deemed lesser degree); *In re Dorothy B.* (1986) 182 Cal.App.3d 509, 516 [130 Cal.Rptr. 35] (if express degree finding had not been made at dispositional hearing as allowed by rule 1355(f)(5), failure to expressly state finding of degree would have rendered crime second degree).

Three recent cases, *People* v. *Lamb* (1986) 176 Cal.App.3d 932 [222 Cal.Rptr. 570], *People* v. *Anaya* (1986) 179 Cal.App.3d 828 [225 Cal.Rptr. 51] and *People* v. *Deay* (1987) 194 Cal.App.3d 280 [239 Cal.Rptr. 406], refuse to apply sections 1157 and 1192 even though no specific finding of degree was made. *People* v. *Lamb, supra,* is factually distinguishable from the case at bar: the defendant's guilty plea specified first degree burglary. The facts of *People* v. *Anaya, supra,* and *People* v. *Deay, supra,* are closer to those involved here. In *Anaya,* the jury's verdict form, instead of stating a finding of "first degree," recited "that the Burglary was committed upon an inhabited building and a residence," a direct reference to the statutory

---

[3] At the dispositional hearing, the judge made the following statement: "On the petition dated January 14, 1986, the initial commitment to the California Youth Authority will be on Count II of that petition which is a burglary offense. And I'll find that the maximum treatment period on Count II, the burglary, is six years."

definition of first degree burglary. The court held this finding sufficient, describing the jury as having used "the long form rather than the label." *(People* v. *Anaya, supra,* 179 Cal.App.3d at p. 832.) *Deay* involved a court trial, at the conclusion of which the court explicitly found the defendant guilty of "residential burglary" and made reference to counts of the information containing similar language. In the case at bar, the trial court did not state an explicit finding of burglary of an inhabited building or "residential" burglary, but merely referred to the petition, which had charged such conduct. However, even if *Anaya* and *Deay* are viewed as substantially indistinguishable from the case at bar, we, given the precedents discussed above, are unable to follow these cases.

These authorities also preclude reliance on the judge's imposition of a six-year maximum commitment period as a substitute for an express finding of degree. (Reliance on such a factor has been expressly prohibited in an analogous situation, namely, when the trial court in a juvenile case has failed to designate an offense as equivalent to either a felony or a misdemeanor. *(In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13]; *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23 [163 Cal.Rptr. 496].)

It is quite likely the judge's omission of an express degree finding was inadvertent. However, this possibility does not alter the required result. (See *People* v. *Flores* (1974) 12 Cal.3d 85, 93 [115 Cal.Rptr. 225, 524 P.2d 353]; *People* v. *Dixon* (1979) 24 Cal.3d 43, 51-52 [154 Cal.Rptr. 236, 592 P.2d 752].)

In some ways, the fact this is a juvenile case governed by California Rules of Court, rule 1355(f)(5) makes strict application of the degree requirement even more compelling. As we noted in *In re Dorothy B., supra,* 182 Cal.App.3d 509, rule 1355(f)(5)'s procedures give the court the opportunity to "exercise *leniency* by declaring an offense to be of the lesser degree despite the fact the circumstances of the offense *alone* might justify sustaining the petition for a higher degree." *(Id.,* at pp. 520-521; italics in original.) Thus, though the judge found the allegations of residential burglary to be true, and though residential burglary is defined as first degree burglary, the judge was still obliged to consider whether to find the degree of burglary justified by the evidence or, instead, a lesser degree. Where a judge has failed to make an express finding of degree, it is possible the judge has overlooked his or her discretion on this issue.

In addition, the language of rule 1355(f)(5) suggests that the rule cannot be satisfied by a judge's finding the allegations of the petition to be true. Rule 1355(f)(5) requires the court to make certain findings, including the

degree of the offense and (in appropriate cases) whether the offense should be treated as felony or misdemeanor, *if* "the court determines that the allegations of the petition are true." This language highlights the fact that, in any case where rule 1355(f)(5) mandates a finding as to degree, the court will already have found the allegations of the petition to be true. If finding such allegations to be true is sufficient to satisfy the requirement of a finding as to degree, rule 1355(f)(5) becomes a nullity.

Accordingly, the burglary must be deemed to be second degree.

## II

Second degree burglary may be handled as a felony or as a misdemeanor (see Pen. Code, § 461, subd. 2). Welfare and Institutions Code section 702 is therefore applicable. It provides: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." As noted above, California Rules of Court, rule 1355(f)(5) contains a similar requirement.

The minor contends the judge did not fulfill this requirement. The Attorney General, as before, asks us to infer a trial court finding that the burglary be treated as a felony. In addition, the Attorney General argues this requirement is satisfied by the minute order for the proceedings of February 14, 1986, which refers to "count 2 of the petition . . . violation of section 459 PC, a felony. . . ."

A minute order is insufficient where, as here, the reporter's transcript shows the minute order does not accurately reflect the findings of the court.[4] (*In re Dennis C., supra,* 104 Cal.App.3d 16, 23; *In re Ricky H., supra,* 30 Cal.3d 176, 191-192; see also *In re Jeffery M.* (1980) 110 Cal.App.3d 983-985 [168 Cal.Rptr. 337].)

Neither the findings the judge made nor the maximum commitment period he imposed satisfy the requirements of Welfare and Institutions Code section 702. In *In re Kenneth H., supra,* 33 Cal.3d 616, 618-619, the petition alleged felony burglary, and the trial court found this allegation to be true. The California Supreme Court held this finding insufficient to satisfy the statute and rule 1355(f)(5). Nor may the finding required by section 702 be inferred from the court's imposition of a commitment period

---

[4]The minute order for February 14, 1986, states: "Court finds the principal term of commitment will be on count 2 of the petition dated 1-14-86, violation of Section 459 PC, a felony with a maximum treatment period of 6 years." For the judge's actual statement as recorded in the transcript, see footnote 3, *ante.*

equivalent to a felony sentence. *(In re Curt W.* (1982) 131 Cal.App.3d 169, 185-186 [182 Cal.Rptr. 266]; *In re Ricky H., supra,* 30 Cal.3d 176, 191; *In re Dennis C., supra,* 104 Cal.App.3d 16, 23.) Strict application of the statute ensures the juvenile court will exercise its discretion on the felony/misdemeanor issue. *(In re Dennis C., supra,* 104 Cal.App.3d at p. 23; *In re Curt W., supra,* 131 Cal.App.3d at p. 186.)

As discussed above, rule 1355(f)(5) does not come into play until the judge has found the allegations of the petition to be true. Therefore, such a finding cannot substitute for the rule's requirement of a specific felony/misdemeanor finding.

At the dispositional hearing, after setting the maximum commitment period for the burglary, the judge stated: "I find [count V, a drug charge] to be a felony also. . . ." This statement indicates a belief that count II, the burglary count, *was* a felony. However, it does *not* clearly indicate awareness of his discretion to treat the burglary as a misdemeanor, nor exercise of that discretion. Indeed, if the judge assumed the burglary to be first degree despite his failure to so find, he would have believed he had no discretion to exercise on the felony/misdemeanor issue.

The remedy for a juvenile court's failure to designate felony or misdemeanor treatment of an offense is a remand for the purpose of making that determination. *(In re Kenneth H., supra,* 33 Cal.3d 616, 620; *In re Ricky H., supra,* 30 Cal.3d 176, 191; *In re Jose R.* (1982) 137 Cal.App.3d 269, 280 [186 Cal.Rptr. 898]; *In re Dennis C., supra,* 104 Cal.App.3d 16, 23.)

Accordingly, the judgment herein is modified to reflect a finding of second degree burglary. As modified, the matter is remanded for the court to designate the burglary as a felony or misdemeanor.

Wallin, Acting P. J., and Crosby, J., concurred.