[No. G006616. Fourth Dist., Div. Three. May 23, 1989.]

In re JACOB M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JACOB M., Defendant and Appellant.

COUNSEL

Richard C. Camino, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

SONENSHINE, J.—Jacob M. was committed to the California Youth Authority after the court found he committed the offense of burglary (Pen. Code, § 459), among others. ▇▇▇ Jacob appealed, contending the court failed to designate the degree of burglary and to classify it as either a felony or a misdemeanor. We modified the judgment "to reflect a finding of second degree burglary. [It was] remanded for the court to designate the burglary as a felony or misdemeanor." (*In re Jacob M.* (1987) 195 Cal.App.3d 58, 65 [240 Cal.Rptr. 418].) On remand, the minute order indicates the "court now designates Count 2 (459 PC second degree) to be a felony with a maximum treatment period of 3 years." Jacob again appeals. He now argues the judgment must be reversed because the court failed to articulate specific reasons for its designation of the burglary as a felony rather than a misdemeanor.

We are cited to no statute or decisional law requiring a trial court to state its reasons pursuant to Welfare and Institutions Code section 702.[1] The statute by its terms demands only a declaration—a statement of the existence of either a felony or a misdemeanor.

On several occasions, our Supreme Court has addressed similar code sections and denied a minor's contention that delineation of the trial court's reasons was necessary. *In re John H.* (1978) 21 Cal.3d 18 [145 Cal.Rptr. 357, 577 P.2d 177] addressed section 734 which deals with the court's commitment of a minor to the Youth Authority. There the order was "on a printed form which recited that the court had found (in the language of § 734) that appellant would probably benefit from the treatment provided by the Youth Authority." (*Id.,* at p. 22.)[2] Appellant asserted that express findings indicating the reasons for the decision to commit him were necessary. The court stated there was "no statutory requirement that either the juvenile court or referee express the reasons which support a minor's commitment to the Youth Authority." (*Id.,* at p. 23.) There is "no due process necessity that express findings be made in cases of this kind." (*Id.,* at p. 22.) Nor is there any statutory requirement that the court make a statement beyond the wording contained in section 734.

Here, there are similar reasons for refusing to mandate a statement of reasons for the court's choice of felony over misdemeanor in a "wobbler" case. California Rules of Court, rule 1355(f)(5) requires the court, after determining the truth of the allegations in the petition, make a finding as to "whether the offense would be a misdemeanor or felony had the offense been committed by an adult." Similarly, section 702 provides "the court shall declare the offense to be a misdemeanor or a felony." Neither mentions any further explanation. Thus, there is no statutory requirement the court express its reasons for the choice, only that the choice be "found" and be "noted in the minutes of the court . . . ." (Cal. Rules of Court, rule 1355(f).) "The Legislature has the means by which to require such a statement when it elects to do so." (*In re John H., supra,* 21 Cal.3d 18, 25.) It did so in section 707, Penal Code section 1170, and similar statutes. We decline to enlarge the requirements of section 702 when the Legislature has chosen not to.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Section 702 provides, in pertinent part, as follows: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."

[2] Section 734 provides: "No ward of the juvenile court shall be committed to the Youth Authority unless the judge of the court is fully satisfied that the mental and physical condition and qualifications of the ward are such as to render it probable that he will be benefited by the reformatory educational discipline or other treatment provided by the Youth Authority."

Defendant's reliance on *People* v. *Martin* (1986) 42 Cal.3d 437 [229 Cal.Rptr. 131, 722 P.2d 905] and *In re Michael G.* (1988) 44 Cal.3d 283 [243 Cal.Rptr. 224, 747 P.2d 1152] is misplaced. Both required a statement of reasons for the action taken by the court; however, in each instance, the trial court announced its determination in the face of a strong legislative expression to the contrary. In *Martin,* a trial court was called upon to reconsider a sentence termed "disparate" by the Board of Prison Terms; with scant discussion, the court affirmed its earlier sentence choice. In recognition of the Legislature's expression of the strong public policy interest in eliminating inequitable sentences for similar crimes (Pen. Code, § 1170, subd. (a)(1)), our Supreme Court mandated an explanation of the trial court's reasoning. In light of the unique or subjective factors which might substantiate a disparate sentence, failure to express the court's reasoning would seriously hamper appellate review. (*Id.,* at p. 450.)

*In re Michael G., supra,* 44 Cal.3d 283, involved a juvenile made a ward of the court for truancy, commonly known as a status offender, who was found in contempt of a court order to attend school. The court ordered the child confined during nonschool hours for this offense. Again, the action taken by the trial court conflicted "with the legislative determination that status offenders, including truants, should not ordinarily be confined in secure facilities . . . ." (*Id.,* at p. 287, fn. omitted.) In order to preserve the court's right to punish disobedience of its orders, yet comply with legislative intent, the court fashioned certain findings which must initially be made. It reasoned that "[b]y requiring the juvenile court to memorialize its findings on the record, we again ensure the court is aware that, by ordering the secure confinement of a juvenile who has not committed a criminal offense, it is taking the extraordinary step of acting contrary to the wishes of the Legislature but is justified in doing so because it is convinced there is no other alternative which will adequately serve the purpose of the contempt citation." (*Id.,* at p. 298.)

Here, there is no legislative policy or directive in conflict with the action taken by the court. Rather, the court announced its decision in the clear terms of the statute. We find no compelling policy reasons for requiring the court to express its basis for this choice. Moreover, like the situation in *In re John H.,* the facts of this case, which underlie the decision to designate the offense a felony rather than a misdemeanor, were fully explored below.[3] The record on appeal in *In re Jacob M., supra,* 195 Cal.App.3d 58, and in the present matter provide a solid basis for review.

If an offense committed by a juvenile is a "wobbler," all that is necessary for the record on review is a declaration by the court as to whether the

---

[3] We note the defendant does not complain the record will not support a designation the offense was a felony; he only objects to the lack of express reasons for the choice.

offense is a misdemeanor or felony. ██ We recognize "[a] minute order is insufficient where . . . the reporter's transcript shows the minute order does not accurately reflect the findings of the court." (*In re Jacob M., supra,* 195 Cal.App.3d 58, 64, fn. omitted.) ██ Here, however, the transcript clearly indicates the court's recognition of its duty in this regard: "The court's only determination today is to determine whether [the offense] shall be designated a felony or a misdemeanor . . . ." The court then asked if either party wished to be heard; both submitted and the court found the offense was a felony. This recorded statement fully answers the concerns expressed in *In re Jacob M.* because it indicates the court's awareness of its discretion and its exercise of that discretion. (*Id.,* at p. 65.)

Judgment affirmed.

Scoville, P. J., and Wallin, J., concurred.