[No. F013400. Fifth Dist. Apr. 2, 1991.]

In re RAYMOND M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND M., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Ann Jory, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Edgar A. Kerry and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, J.**—Raymond M., 17 years of age when he committed the crimes in question, was found to be a ward of the court under Welfare and Institutions Code section 602 and was committed to the California Youth Authority (CYA). The juvenile court found Raymond "guilty of the burglary of the residence of Louis Moralas," "guilty of residential burglary of Gilbert Alaniz," and guilty of receiving stolen property.[1] The court failed, at both the jurisdictional and dispositional hearings, to specify the degree of the burglaries and also failed to declare whether the receiving stolen property count was a felony or a misdemeanor. Raymond appeals, claiming the court erred in failing to make the above findings. In addition, Raymond contends the court abused its discretion in committing him to CYA.

In the published portion of our opinion, we determine that remand is necessary for the lower court to choose the degree of each burglary. We remand also for a finding of whether the remaining crime was a felony or misdemeanor; this discussion and our discussion concluding that Raymond's commitment to CYA was not an abuse of discretion are unpublished.

## DISCUSSION

I. *Does the trial court's failure to set the degree of the burglary require that it be reduced to second degree burglary?*

Penal Code section 1157 provides:

"Whenever a defendant is convicted of a crime or attempt to commit a crime which is distinguished into degrees, the jury, or the court if a jury trial is waived, must find the degree of the crime or attempted crime of which he is guilty. Upon the failure of the jury or the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree." Penal Code section 1192 contains these same provisions but is applicable to guilty pleas.

The rule governing the setting of the degree of the offense in juvenile court proceedings is California Rules of Court, rule 1488(e)(5). This rule provides in pertinent part:

"(e) If the court determines by a preponderance of the evidence in a section 601 matter, or by proof beyond a reasonable doubt in a section 602

---

[1] The facts of the crimes are not in issue here.

matter, that the allegations of the petition are true, the court shall make findings on each of the following, noted in the order:

". . . . . . . . . . . . . . . . . . . .

"(5) In a section 602 matter, the degree of the offense and whether it would be a misdemeanor or felony had the offense been committed by an adult. These determinations may be deferred until the disposition hearing." The rules of court applicable to adult proceedings do not contain a rule similar to rule 1488(e)(5).

"Every burglary of an inhabited dwelling house . . . is burglary of the first degree. [¶] . . ." (Pen. Code, § 460.) As we have noted, the court here expressly found each of the burglaries to have been of a residence.

We note the recent trend in adult cases is to find the degree has been sufficiently expressed to satisfy the statutory requirements when the verdict used language to describe the crime in such a way that the intent of the trier of fact regarding the degree is unmistakable. (See *People* v. *Atkins* (1989) 210 Cal.App.3d 47 [258 Cal.Rptr. 113] [the jury's verdict provided it found defendant "guilty of burglary of a residence," and residential burglary is by definition burglary of the first degree]; *People* v. *Goodwin* (1988) 202 Cal.App.3d 940, 946 [249 Cal.Rptr. 430] [the jury's verdict found defendant guilty of "residential burglary . . . as charged," and the information alleged burglary of an inhabited dwelling house]; *People* v. *Deay* (1987) 194 Cal.App.3d 280 [239 Cal.Rptr. 406] [following a nonjury trial the court found defendant guilty of residential burglary].)

Following this approach, if this were an adult conviction, a reduction in degree would not be required because the court stated clearly on several occasions that the two burglaries were residential burglaries, i.e., first degree burglaries.

■ Relying on *In re Jacob M.* (1987) 195 Cal.App.3d 58 [240 Cal.Rptr. 418] and California Rules of Court, rule 1488(e)(5), Raymond argues that the failure to specify the degree of burglary requires that it be reduced to second degree burglary. Raymond acknowledges the split in authority in adult cases demonstrating disagreement whether a first degree burglary can be upheld based on implied findings of degree. While Raymond asserts that the better view is that implied findings do not suffice, he contends that regardless of the standard in adult cases juvenile cases require explicit findings. In juvenile cases, advances Raymond, the court has discretion to choose the degree even though there are facts sufficient to support the first degree finding.

In *In re Jacob M., supra,* 195 Cal.App.3d 58, the trial court failed to make specific findings on the degree of the burglary; nor did it explicitly state the defendant was guilty of *residential* burglary. The appellate court found that Penal Code sections 1157 and 1192 applied to juvenile proceedings and determined an express finding of degree was required. (*Jacob M., supra,* 195 Cal.App.3d at pp. 62-63.) The court found the strict application was even more compelling in juvenile cases governed by California Rules of Court, rule 1355(f)(5) (now rule 1488(e)(5)).

"As we noted in *In re Dorothy B.* [(1986)] 182 Cal.App.3d 509 [227 Cal.Rptr. 472], rule 1355(f)(5)'s procedures give the court the opportunity to 'exercise *leniency* by declaring an offense to be of the lesser degree despite the fact the circumstances of the offense *alone* might justify sustaining the petition for a higher degree.' [Citation.] Thus, though the judge found the allegations of residential burglary to be true, and though residential burglary is defined as first degree burglary, the judge was still obliged to consider whether to find the degree of burglary justified by the evidence or, instead, a lesser degree. Where a judge has failed to make an express finding of degree, it is possible the judge has overlooked his or her discretion on this issue.

"In addition, the language of rule 1355(f)(5) suggests that the rule cannot be satisfied by a judge's finding the allegations of the petition to be true. Rule 1355(f)(5) requires the court to make certain findings, including the degree of the offense and (in appropriate cases) whether the offense should be treated as felony or misdemeanor, *if* 'the court determines that the allegations of the petition are true.' This language highlights the fact that, in any case where rule 1355(f)(5) mandates a finding as to degree, the court will already have found the allegations of the petition to be true. If finding such allegations to be true is sufficient to satisfy the requirement of a finding as to degree, rule 1355(f)(5) becomes a nullity." (*In re Jacob M., supra,* 195 Cal.App.3d at pp. 63-64.)

In *In re Eric J.* (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549], the Supreme Court made the following ancillary statement while determining an issue raised by appellant: "Because the court failed to find the degree of the offense [burglary], it is deemed to be of the second degree. (Pen. Code, § 1157.)" (*Id.* at p. 529.) Again, in *In re Kenneth H.* (1983) 33 Cal.3d 616 [189 Cal.Rptr. 867, 659 P.2d 1156] the court, relying on *In re Eric J., supra,* made its statement ancillary to the main issue in discussing there a burglary under previous law which required a finding of "nighttime" burglary to constitute first degree.

"The burglary which the juvenile court found to be true was necessarily of the second degree for two independent reasons: first, the entry giving rise

to the charge occurred in the daytime, second, the court made no finding as to the degree of burglary as required by Penal Code section 1157, as well as rule 1355(f)(5) [now rule 1488(e)(5)], rendering it of the second degree by operation of law. (*In re Eric J.* (1979) 25 Cal.3d 522, 529 . . . .)" (*In re Kenneth H., supra,* 33 Cal.3d at p. 619, fns. omitted.)

In light of the more recent cases and in light of the fact that the Supreme Court did not discuss the instant precise issue in *Eric J.* and *Kenneth H.*, we are unpersuaded that the failure of the juvenile court to expressly find burglary in the first degree requires us to fix the degree as second.

However, since juvenile courts have discretion to grant leniency by reducing the degree of a crime even if the facts support a first degree finding, our consideration does not end here. This concern was expressed in *In re Dorothy B.* (1986) 182 Cal.App.3d 509, 520-521 [227 Cal.Rptr. 472]:

"Rule 1355(f)(5) [now rule 1488(e)(5)] permits a juvenile court to wait until it has received dispositional information about the juvenile to determine, when necessary, the degree of the offense or whether it would be a felony or a misdemeanor. Taking all the information into account, the court can then exercise *leniency* by declaring an offense to be of the lesser degree despite the fact the circumstances of the offense *alone* might justify sustaining the petition for a higher degree. In that way, the court, in most cases, can circumscribe the maximum period of confinement. This exercise of discretion, if deemed appropriate, is consistent with the vast array of dispositional alternatives the juvenile court already possesses by statute."

Thus, the trial court's findings were sufficiently clear to avoid the reduction-of-degree requirement of Penal Code sections 1157 and 1192. But the record fails to reflect that the court exercised or recognized its discretion in fixing the degree of the burglaries; the court had one further task to perform.

Raymond's arguments concerning Welfare and Institutions Code section 707 and Penal Code section 1203.09 are unmeritorious. Penal Code section 1203.09 is not applicable here because it applies only to certain crimes committed against the aged, blind, paraplegic or quadriplegic. No evidence was presented here that the victim of either burglary fell into any of these categories.

Having found both burglaries involved residences, the court needed to go one step further to exercise its discretion in determining degree. A remand is therefore necessary for the court to fix the degree of each burglary as either first or second degree.

II., III.*

·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·  ·

## DISPOSITION

We remand this matter for designation of the degree of the burglaries and determination of whether the receiving stolen property count is a felony or a misdemeanor. In all other respects, the judgment is affirmed.

Ardaiz, Acting P. J., and Buckley, J., concurred.

---

*See footnote, *ante*, page 1508.