Filed 3/7/14  In re J.Q. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.Q., a Person Coming Under the Juvenile Court Law. | H039905 (Santa Clara County Super. Ct. No. JV38769) |
| THE PEOPLE, Plaintiff and Respondent, v. J.Q., Defendant and Appellant. | |

J.Q. appeals after the juvenile court sustained a petition alleging that he possessed a weapon on school grounds (Pen. Code, § 626.10, subd. (a)(1)).  J.Q.'s sole contention on appeal is that the juvenile court erred when it failed to expressly state on the record whether the offense was a felony or a misdemeanor pursuant to Welfare and Institutions Code section 702.[1]  We agree and will order the matter remanded for the limited purpose of declaring on the record whether J.Q.'s offense was a felony or misdemeanor.

---

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

On February 11, 2013, the Santa Clara County District Attorney's Office filed a juvenile wardship petition (§ 602) alleging that J.Q. possessed a weapon on school grounds (Pen. Code, § 626.10, subd. (a)(1)).  The petition specified that the offense was a felony and was one of six wardship petitions filed against J.Q. between June 11, 2011 and May 6, 2013.

On March 22, 2013, J.Q. filed a motion to suppress the knife he was alleged to have possessed on school grounds, which was denied by the juvenile court on March 28, 2013.  After the court's denial of his motion to suppress, J.Q. admitted the allegation of the violation of Penal Code section 626.10, subdivision (a)(1) as true.  In the court's findings and orders following the hearing, the violation was listed as a felony.  Directly underneath the listing, the court checked a box that stated that "[t]he court has considered whether the above offense(s) should be felonies or misdemeanors."

A dispositional hearing was held on June 13, 2013, on J.Q.'s other sustained petitions.  In the dispositional order, the court handwrote the phrase "Ct. 1 PC 626.10(a)(1)--Felony--pet. C" underneath a statement that read, "The court previously sustained the following counts.  Any charges which may be considered a misdemeanor or a felony for which the court has not previously specified the level of offense are now determined to be as follows."  J.Q. was continued as a ward of the court and was placed on 30 days of electronic monitoring.  He was also ordered to participate in the encouraging diversity, growth and education program.  J.Q. filed a timely notice of appeal.

---

[2] The underlying facts of J.Q.'s offense are not relevant to the issue raised on appeal.  We therefore provide only a brief recitation of the relevant procedural background.

DISCUSSION

At the time J.Q. committed his offense, a violation of Penal Code section 626.10, subdivision (a)(1) was punishable "by imprisonment in a county jail not exceeding one year, or by imprisonment pursuant to subdivision (h) of section 1170." The offense was therefore a "wobbler," chargeable or punishable as either a misdemeanor or a felony. (*People v. Park* (2013) 56 Cal.4th 782, 789.)

Section 702 provides that in a juvenile proceeding, if a minor "is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." The importance of an explicit declaration under section 702 was explained in our Supreme Court's decision in *In re Manzy W.* (1997) 14 Cal.4th 1199 (*Manzy W.*). Requiring a court to affirmatively declare whether an offense is a misdemeanor or a felony "facilitat[es] the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense," (*id.* at p. 1206) and also "serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under Welfare and Institutions Code section 702." (*Id.* at p. 1207.) The required declaration can be made at the contested jurisdictional hearing or at the dispositional hearing. (Cal. Rules of Court, rules 5.780(e)(5), 5.790(a)(1), 5.795(a).)

However, remand is not automatic in every case where the court fails to make a formal declaration pursuant to section 702. If the record as a whole shows that the court was aware of and exercised its discretion to determine the felony or misdemeanor nature of an offense, "remand would be merely redundant" and "failure to comply with the statute would amount to harmless error." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)

In this case, J.Q.'s offense was charged in the petition as a felony. The juvenile court did not expressly declare on the record during the jurisdictional or dispositional hearing that it had considered whether the count of possession of a weapon on school grounds would be a misdemeanor or a felony, nor did it expressly declare its

determination in this regard.  (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.)  J.Q. argues that because there was no explicit declaration, remand is required.

The People argue that remand would be redundant, as the record as a whole establishes that the juvenile court was aware of its discretion.  As noted above, the offense was listed as a felony in the signed minute order entered after J.Q. admitted the Penal Code section 626.10, subdivision (a) violation.  In this same order, the court also checked a box that stated that it had "considered whether the above offense(s) should be felonies or misdemeanors."  Additionally, in the dispositional order dated June 13, 2013, the court handwrote the phrase:  "Ct. 1 PC 626.10(a)(1)--Felony--pet. C," underneath the statement, "The court previously sustained the following counts.  Any charges which may be considered a misdemeanor or a felony for which the court has not previously specified the level of offense are now determined to be as follows."  However, the dispositional order also listed underneath this statement several misdemeanor offenses committed by J.Q. that were not wobblers, such as his violation of Penal Code section 466.

The People contend that these notations are sufficient to establish that the court was aware of and exercised its discretion to determine the felony or misdemeanor nature of J.Q.'s offense.  However, the cases the People rely upon for this proposition predate *Manzy W.* and are distinguishable.  In *In re Michael S*. (1983) 141 Cal.App.3d 814, the juvenile court's disposition order indicated that the offense was to be declared a felony but would be reduced to a misdemeanor if the minor performed well on probation.  (*Id*. at p. 818.)  Therefore, it was clear from the record that the court understood its discretion to treat the offense as either a felony or a misdemeanor.  In *In re Robert V*. (1982) 132 Cal.App.3d 815, the juvenile court's minute order included a notation stating that the offense would be determined as a misdemeanor or a felony at the time of the dispositional hearing.  (*Id*. at p. 818.)  At the dispositional hearing, the court signed an order specifying that the offense was a felony.  (*Id*. at p. 823.)  Accordingly, it was clear

4

from the record that the court was aware of its discretion to treat the minor's offense as a misdemeanor or a felony. (*Ibid.*)

Here, there is nothing in the record that unambiguously shows the juvenile court was aware of its discretion. None of the court's statements during the relevant hearings demonstrated that it *considered* whether the offense could be treated as a misdemeanor or a felony, and the court did not expressly declare its *determination* in this regard. (*Manzy W.*, *supra*, 14 Cal.4th at p. 1209.) The record reflects that the juvenile court was aware that J.Q. was charged with a felony and that it intended to charge J.Q. with a felony. The court may have checked certain boxes on its dispositional orders and minute orders indicating that the offense was determined to be a felony, but the transcript of the proceeding does not support this notation and there is no express declaration on the record. (*In re Dennis C*. (1980) 104 Cal.App.3d 16, 23.) Furthermore, minute orders are insufficient "to show that the court made the decision and finding required by section 702." (*In re Ricky H*. (1981) 30 Cal.3d 176, 191; *In re Ramon M*. (2009) 178 Cal.App.4th 665, 675-676.)

Therefore, in an abundance of caution, we remand to the juvenile court so that it may comply with *Manzy W.*'s requirement that there is an "explicit declaration by the juvenile court whether [the] offense would be a felony or misdemeanor in the case of an adult." (*Manzy W.*, *supra*, 14 Cal.4th at p. 1204.)

## DISPOSITION

The juvenile court's dispositional order is reversed and the matter is remanded with directions for the court to state on the record its intent to treat the violation of Penal Code section 626.10, subdivision (a)(1) as a felony or a misdemeanor in compliance with Welfare and Institutions Code section 702.

5

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Márquez, J.