Filed 4/24/23  In re D.B. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re D.B., A Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>D.B.,<br><br>    Defendant and Appellant. | A164745<br><br>(San Francisco County Sup. Ct. No. JW216077) |

After D.B. admitted an allegation of felony possession of a firearm by a minor (Pen. Code, § 29610), the juvenile court adjudged him a juvenile court ward and placed him in the home of his mother under various terms and conditions of probation.  In this appeal from the juvenile court's dispositional orders, D.B. argues that the matter must be remanded because the juvenile court failed to designate his "wobbler" offense as a felony as required by Welfare and Institutions Code[1] section 702.  He additionally contends, and the Attorney General concedes, that the juvenile court erred by restricting

_____

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.  All rule references are to the California Rules of Court.

1

D.B. from owning a firearm until the age of 30 under Penal Code section 29820. We see no need for remand but strike the firearm restriction.

## I. BACKGROUND[2]

On October 2, 2021, the police responded to a 911 call reporting a minor acting aggressively during an altercation with his mother. There was information that he had removed a firearm from a backpack. When the police officer arrived, D.B.'s mother waved him in and directed him to D.B.'s bedroom where the officer observed a loaded Glock 27 .40 caliber handgun with an extended magazine protruding from the minor's bedding. Unfired cartridges were located on top of a nearby dresser.

On October 4, 2021, the San Francisco County District Attorney filed a juvenile wardship petition with respect to D.B. pursuant to section 602, subdivision (a), alleging that he had possessed a firearm as a minor, a felony violation of Penal Code section 29610 (count I) and had additionally possessed ammunition, a misdemeanor violation of Penal Code section 29650 (count II). D.B. filed a suppression motion pursuant to section 700.1 on October 18, 2021. After opposition, the juvenile court heard and denied the motion on January 6, 2022.

Thereafter, the parties reached a negotiated disposition pursuant to which D.B. agreed to admit count I and count II would be dismissed in the interests of justice. Prior to entering his admission, the juvenile court advised D.B. regarding his constitutional rights and the consequences of his admission, and the minor indicated that he understood his rights and was entering the admission freely and voluntarily. In particular, the court advised D.B. that count I was "a felony" with a maximum term of

---

[2] We take the facts underlying the offense from evidence adduced at the January 2022 suppression hearing, as the record for that hearing was later stipulated to provide the factual basis for D.B.'s plea.

confinement of up to two years. At the dispositional hearing on February 7, 2022, the juvenile court declared D.B. to be a juvenile court ward and placed him in his mother's home under various terms and conditions. The minor timely appealed.

## II. DISCUSSION

### A. *Designation of Wobbler Under Section 702*

Section 702 provides, in relevant part: "If the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony." Penal Code 29610 is such an offense—a so-called "wobbler." (See Pen. Code, § 29700, subd. (a)(3) [providing that Pen. Code § 29610 is punishable either as a felony pursuant to Pen. Code § 1170, subd. (h) or in "county jail"]; *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 974, fn. 4 [a court's sentencing discretion to classify a wobbler as a misdemeanor derives from the charging statutes that provide felony or misdemeanor punishment].) Our Supreme Court has determined that section 702 "means what it says" and thus the duty to declare whether a wobbler offense is either a felony or misdemeanor is mandatory. (See *In re Manzy* (1997) 14 Cal.4th 1199, 1204 (*Manzy*).) In reaching this decision, the high court observed that, "[t]he requirement of a declaration by the juvenile court whether an offense is a felony or misdemeanor was . . . directed, in large part, at facilitating the determination of the limits on any present or future commitment to physical confinement for a so-called 'wobbler' offense." (*Manzy*, *supra*, 14 Cal.4th at p. 1206.) It additionally noted that the requirement also "serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion under . . . section 702." (*Id.* at p. 1207; see rules 5.778(f)(9), 5.780(e)(5), 5.790(a)(1), & 5.795(a) [At or before

3

the dispositional hearing, "[i]f the offense may be found to be either a felony or a misdemeanor, the court must consider which description applies and must expressly declare on the record that it has made such consideration and must state its finding as to whether the offense is a misdemeanor or a felony."].)

Thus, where "there is nothing in the record to indicate that [the juvenile court] ever considered whether the . . . offense was a misdemeanor or a felony," an appellate court may not " 'presume' " the court properly exercised its discretion under section 702. (*Manzy*, *supra*, 14 Cal.4th at p. 1209.) Moreover, "neither the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony." (*Id.* at p. 1208.) However, the failure to comply with section 702 may be harmless where the record in a given case shows that "the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler." (*Manzy,* at p. 1208.) "The key issue is whether the record as a whole establishes that the juvenile court was aware of its discretion to treat the offense as a misdemeanor and to state a misdemeanor-length confinement limit." (*Ibid.*)

Here, D.B. argues the juvenile court erroneously failed to indicate that it had exercised its discretion to determine whether the possession offense was a misdemeanor or a felony. He asserts remand for that purpose is therefore required. We are not persuaded.

Preliminarily we note that the Penal Code section 29610 offense was described as a felony in the petition filed in this case, as well as in the minute orders for the jurisdictional and dispositional hearings. While we

4

acknowledge that none of these facts may be sufficient, they are not irrelevant. Further, in contrast to many cases in this area, the juvenile court here did expressly declare that the offense was a felony subject to a maximum term of confinement of up to two years prior to taking D.B.'s plea. (Compare *Manzy*, *supra*, 14 Cal.4th at pp. 1203–1204 [determining "whether failure to make the mandatory express declaration requires remand"]; In *re Kenneth H.* (1983) 33 Cal.3d 616, 620 ["the crucial fact is that the court did not state at any of the hearings that it found the burglary to be a felony"]; *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23 ["The court did not state at any of the hearings that it found the battery to be a felony."].) It then read through the relevant allegation from the petition—which referred to the possession offense as a felony—before D.B. admitted to it. Moreover, D.B. admitted to the felony pursuant to a negotiated disposition that benefited him in other ways, and the court found that there was a factual basis for that felony plea. Section 702 provides that a court "shall declare the offense to be a misdemeanor or felony," and the juvenile court in this case complied with this statutory mandate. Indeed, we note in this regard that the Supreme Court refused to apply the Evidence Code section 665 presumption that the juvenile court properly performed its official duty in *Manzy* because the court "*violated* its clearly stated duty" under section 702. (*Manzy,* at p. 1209.)

While, arguably, that should be the end of the story, we are aware that the applicable rules of court seem to go beyond the statutory language by requiring the court to expressly state on the record that it understands its discretion in this context and has determined to designate the offense as a felony or a misdemeanor for reasons stated. (See rules 5.778(f)(9), 5.780(e)(5), 5.790(a)(1), & 5.795(a).) In our view, these additional requirements conflate the harmless error analysis set forth in *Manzy* with

5

the clear statutory directive set forth in section 702. Under such circumstances, the rules could be considered invalid as inconsistent with the plain language of the statute. (*Pollock v. Tri-Modal Distribution Services, Inc.* (2021) 11 Cal.5th 918, 950 ["a rule of court must yield to an applicable statute when ' "it conflicts with either the statute's express language or its underlying legislative intent" ' "]; *In re J.Y.* (2018) 30 Cal.App.5th 712, 721 ["a rule can also be inconsistent even though it can operate harmoniously with a statute"]; accord, *California Court Reporters Assn. v. Judicial Council of California* (1995) 39 Cal.App.4th 15, 22.)

However, assuming without deciding that some sort of indication of discretion is required in this context, we see no error. The juvenile court here exercised its discretion at the jurisdictional hearing when it accepted the parties' negotiated agreement. It elected at that point to treat the offense as a felony and made a declaration to that effect. Thereafter, the agreed resolution *precluded* the court from treating the assault count as a misdemeanor. Under these circumstances, we see no need for a remand both on the merits of the claim and because, if there was any error, it was harmless. (See *Manzy*, *supra*, 14 Cal.4th at p. 1209 [section 702 error harmless where "remand would be merely redundant"].)

## B.    *Firearm Restriction Until Age 30*

At the February 2022 dispositional hearing in this matter, the juvenile court imposed terms of probation prohibiting D.B. from possessing a gun or being in the presence of others possessing guns. In addition, the court prohibited the minor from owning or possessing a firearm until the age of 30 in accordance with Penal Code section 29820. D.B. argues on appeal that the firearms restriction set forth in Penal Code section 29820 is inapplicable to

6

his case, and the Attorney General concedes the error. We agree and will strike the restriction.

Penal Code section 29820 provides, in relevant part, that a person is prohibited from owning or possessing a firearm until the age of 30 if: (1) the person is alleged to have committed an offense listed in subdivision (b) of section 707, any offense enumerated in Penal Code section 29805, or any offense described in Penal Code section 25850, subdivision (a) of Penal Code section 25400, or subdivision (a) of Penal Code section 26100; and (2) the person is subsequently adjudged a ward of the juvenile court within the meaning of section 602 because the person committed an offense listed in one of those five statutory provisions. (Pen. Code, § 29820, subds. (a)(1)(A) & (G), (a)(2), (b).)[3] Although D.B. was adjudged a ward of the juvenile court pursuant to section 602, his offense of being a minor in possession of a firearm (§ 29610) is not included in any of the statutory provisions which trigger Penal Code section 29820. We therefore strike the firearm restriction.

### III. DISPOSITION

The firearm restriction imposed pursuant to Penal Code section 29820 is stricken. The juvenile court's dispositional order of February 7, 2022 is otherwise affirmed.

---

[3] The statute was revised effective January 1, 2022, shortly before D.B.'s dispositional hearing, but the provisions here at issue remained substantially the same. (Stats. 2021, ch. 537, § 5.)

SWOPE, J.*


WE CONCUR:


MARGULIES, ACTING P.J.


BANKE, J.


A164745N


---

* Judge of the San Mateo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8